O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-2180 PSG (VBKx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | William R. Kammerdiener *et al.* v. Ford Motor Company | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Plaintiffs' Motion for Remand**

     Pending before the Court is Plaintiffs' Motion for Remand.  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court DENIES Plaintiffs' motion.

I.      Background

     On October 15, 2007, Sharon Kammerdiener was fatally injured in an automobile accident while driving a Ford Explorer.  *See Compl.* ¶ 9.  Two years later, on October 15, 2009, Plaintiffs William R. Kammerdiener, as an individual and as Successor in Interest to the Estate of Sharon Jean Kammerdiener, William H. Kammerdiener, Jamie Jean Kammerdiener, and Brenda Nopwasky (collectively, "Plaintiffs") filed suit in California state court against Defendant Ford Motor Company ("Defendant").

     On November 24, 2009, Defendant timely removed the action to this Court.  On December 17, 2009, the Court issued an Order to Show Cause ("OSC") re: Remand to State Court based on the allegations in the Notice of Removal that Defendant's principal place of business was Dearborn, Michigan.  *See* Dkt. #7.  Plaintiffs filed a motion to remand the case on December 23, 2009.  Both parties submitted responses to the OSC, with Plaintiffs raising the same arguments made in the motion for remand, and the Court discharged the OSC on January

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8

CIVIL MINUTES - GENERAL

| Case No. | ED CV 09-2180 PSG (VBKx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | William R. Kammerdiener *et al.* v. Ford Motor Company | | |

17, 2010. On January 29, 2010, Defendant filed an Opposition to the motion, which was followed by Plaintiffs' Reply on February 12, 2010.[1]

II.  Legal Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

III.  Discussion

Plaintiffs move for remand on the grounds that Defendant's Notice of Removal lacked sufficient allegations of the parties' citizenship and the amount in controversy. Despite Plaintiffs argument that the Notice of Removal was defective, Defendant has provided the Court with sufficient information to conclude that removal was appropriate and that the Court has jurisdiction over the action under 28 U.S.C. § 1332.

    A.  Diversity of Citizenship

Plaintiffs claim that the Notice of Removal was defective because Defendant did not adequately allege the citizenship of the parties. According to the Notice of Removal, Defendant claimed: "Ford was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Delaware and has its principal place of business in the City of Dearborn, State of Michigan." *Notice of Removal* ¶ 9. The Notice of Removal also notes that Defendant was informed that Plaintiffs William R. Kammerdiener, William H. Kammerdiener, and Jamie Jean Kammerdiener are citizens of Arizona and that Plaintiff Brenda Nopwasky is a citizen of

---

[1] On February 16, 2010, Defendant filed an objection to Plaintiffs' Reply on the grounds that Plaintiffs filed the Reply brief within fourteen days of the scheduled hearing date. *See* L.R. 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."). The Court exercises its discretion and takes the Reply into account.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-2180 PSG (VBKx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | William R. Kammerdiener *et al.* v. Ford Motor Company | | |

California.  *See id.* ¶ 7.  The Complaint does not include any information concerning Plaintiffs' citizenship, and Defendant notes that "[i]t was only upon Ford's own investigation that it was discovered that the Plaintiffs appear to have been citizens of Arizona and California at the time of the filing of this action."  *Id.* ¶ 8.

Based upon Defendant's Notice of Removal, the Response to the Court's OSC, and the Opposition, the Court concludes that the parties are diverse.  First, Defendant is a citizen of Delaware and Michigan.  Defendant was incorporated in Delaware (state of incorporation) and has its corporate headquarters located in Dearborn, Michigan (principal place of business).  *See Notice of Removal* ¶ 9 (noting the state of incorporation); *Frascaroli Decl.* ¶ 24 ("Ford's corporate and business operations are supervised centrally from Dearborn, Michigan, and all of its executive and administrative functions are performed there as well.").  Second, Defendant has provided sufficient information that Plaintiffs are citizens of California and Arizona.  Although Plaintiffs' citizenship is not alleged in the Complaint, Defendant hired an investigator, who examined motor vehicle records and property assessor records to determine Plaintiffs' citizenship.  *See Opp.* 4:11-15.  Furthermore, Plaintiffs do not deny that they are citizens of California and Arizona, nor have they provided any information to the contrary.  *See Opp.* 4:20-5:3.  Therefore, Defendant has provided sufficient information of Plaintiffs' citizenship.  As Plaintiffs are citizens of California and Arizona and Defendant is a citizen of Delaware and Michigan, diversity of citizenship exists in this case.

    B.    <u>Amount in Controversy</u>

It is facially apparent from the Complaint that the amount in controversy exceeds $75,000.  Plaintiffs seek damages for wrongful death and personal injuries, including, *inter alia*, general damages, special damages, loss of support, burial and related expenses, property damages, and exemplary damages.  *See Compl.* ¶ 13.  That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint.  *See Corbelle v. Sanyo Elec. Trading Co.*, No. , 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges *wrongful death* or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $75,000." (emphasis added)); *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding that the amount in controversy was facially apparent because the plaintiff alleged "claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses").  Accordingly, the Court finds that the amount in controversy is facially

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-2180 PSG (VBKx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | William R. Kammerdiener *et al.* v. Ford Motor Company | | |

apparent from the Complaint, and that the amount exceeds the jurisdictional minimum. Despite any purported defects in the Notice of Removal, the Court has jurisdiction over this action under § 1332. Therefore, removal was proper in this case.

IV.     Conclusion

Based on the foregoing, the Court DENIES Plaintiffs' motion for remand.

**IT IS SO ORDERED.**